UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL ANGEL CORTES RUBIO *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

PEBO TRAVIATA PIZZA CORP. (d/b/a LA TRAVIATA PIZZA CORP.), VIRGILIO ROJAS SANTOS, BLANCA E. PEREZ, AND JOSE LUIS PEREZ,

*Defendants.*

Case No. 18-cv-2820

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Miguel Angel Cortes Rubio ("Plaintiff Cortes") on the one hand, Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.), ("Defendant Corporation"), Virgilio Rojas Santos and Blanca E. Perez ("Individual Defendants"), (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff Cortes alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Cortes' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-2820 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants Pebo Traviata Pizza Corp., Virgilio Rojas, and Blanca E. Perez, appeared in this action through counsel;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff Cortes, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction

gross sum of Fifteen Thousand Dollars and No Cents (**$15,000.00**) (the "Settlement Amount") to be paid to Plaintiff Cortes' attorneys in Six ("6") installments, as follows:

(a) Installment One: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

(b) Installment Two: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

(c) Installment Three: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

(d) Installment Four: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

(e) Installment Five: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

(f) Installment Six: A post-dated check in the amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff Cortes", for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Cortes' counsel. Determination of the Plaintiff Cortes' share, counsel fees, and costs, is the responsibility solely of the Plaintiff Cortes and his counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver

set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

(a). Concurrently with the execution of this Agreement, Defendants Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.), Virgilio Rojas Santos and Blanca E. Perez shall each execute and deliver to Cortes' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Cortes' counsel's escrow account, or Defendants fail to deliver the payments to Rubio's counsel within five days of the Court approving the Agreement, <u>and</u> (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via ________. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff Cortes hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff Cortes at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff Cortes from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Cortes relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Cortes and Defendants.

5. <u>Acknowledgments:</u> Plaintiff Cortes and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to: .

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Argilio Rodriguez, Esq., 350 Fifth Avenue, Suite 5909, New York, NY 10118 T: 212-960-3305 E: argilio@lawrodriguez.com

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Cortes agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Release Notification: Defendants advised Plaintiff Cortes to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff Cortes acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Cortes acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff Cortes confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: Miguel Angel CR
MIGUEL ANGEL CORTES RUBIO

Date: 26/6/18

DEFENDANTS:

By: ______________________
PEBO TRAVIATA PIZZA CORP.

Date: 6/13/18

By: ______________________
VIRGILIO ROJAS SANTOS

Date: 6/13/18

By: ______________________
BLANCA E. PEREZ

Date: 6/13/18

[illegible]

Angilo Rodriguez, Esq., 350 Fifth Avenue, Suite [illegible], New York, NY 10118
T: 212-[illegible] E: angilo@[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

| | |
|---|---|
| MIGUEL ANGEL CORTES RUBIO *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>PEBO TRAVIATA PIZZA CORP. (d/b/a LA TRAVIATA PIZZA CORP.), VIRGILIO ROJAS SANTOS, BLANCA E. PEREZ, AND JOSE LUIS PEREZ, | Index No.: **18-cv-2820**<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF NEW YORK )
: ss.:
COUNTY OF )

1. I reside in Queens County.

1. I, Virgilio Rojas am the President of Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.). I am duly authorized to make this affidavit of confession of judgment on behalf of Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.).

3. Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.) maintains its principal place of business in New York County at 101 West 68th Street, New York, New York 10023.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Angel Cortes Rubio ("Plaintiff Cortes") and Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.), Virgilio Rojas Santos, Blanca E. Perez, and Jose Luis Perez (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.) in favor of Plaintiff Cortes for the sum of Fifteen Thousand Dollars and No Cents ($15,000.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiff Cortes. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.).

Pebo Traviata Pizza Corp.

By: ______________________

Title: President

STATE OF New York )
: ss.:

On June 13, 2018, before me personally came Virgilio Rojas, to me known, who, by me duly sworn, did depose and say that deponent resides at 101 W. 68th Street, New York, NY 10023, that deponent is the President of Pebo Traviata Pizza Corp., the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Pebo Traviata Pizza Corp. and was authorized to do so.

______________________
Notary Public

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

MIGUEL ANGEL CORTES RUBIO *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

PEBO TRAVIATA PIZZA CORP. (d/b/a LA TRAVIATA PIZZA CORP.), VIRGILIO ROJAS SANTOS, BLANCA E. PEREZ, AND JOSE LUIS PEREZ,

Index No.: **18-cv-2820**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
: ss.:
COUNTY OF )

1. I reside in Queens County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Angel Cortes Rubio ("Plaintiff Cortes") Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.), Virgilio Rojas Santos, Blanca E. Perez, and Jose Luis Perez (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Cortes for the sum of Fifteen Thousand Dollars and No Cents ($15,000.00), less any payments made under the Settlement Agreement.

2. This affidavit of confession of judgment is for a debt justly due to Plaintiff Cortes under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiff Cortes. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00

3. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, ____________.

Virgilio Rojas Santos

Sworn to before me this
13 day of June 2018

Notary Public

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

13 June

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK

| | | |
|---|---|---|
| MIGUEL ANGEL CORTES RUBIO *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>PEBO TRAVIATA PIZZA CORP. (d/b/a LA TRAVIATA PIZZA CORP.), VIRGILIO ROJAS SANTOS, BLANCA E. PEREZ, AND JOSE LUIS PEREZ, | : | Index No.: **18-cv-2820**<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF NEW YORK )
: ss.:
COUNTY OF )

1. I reside in Queens County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Miguel Angel Cortes Rubio ("Plaintiff Cortes") Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizza Corp.), Virgilio Rojas Santos, Blanca E. Perez, and Jose Luis Perez (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff Cortes for the sum of Fifteen Thousand Dollars and No Cents ($15,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff Cortes under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiff Cortes. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, Blanca E. Perez.

[signature]
Blanca E. Perez

Sworn to before me this
13 day of June 2018

[signature]
Notary Public

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified In Bronx County
My Commission Expires February 28, 2019

ARGILIO RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019