UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL ANGEL CORTES RUBIO, individually and on behalf of others similarly situated,

              Plaintiff,

-against-

PEBO TRAVIATA PIZZA CORP. (D/B/A LA TRAVIATA PIZZERIA), VIRGILIO ROJAS SANTOS, BLANCA E. PEREZ, and JOSE LUIS PEREZ,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2018

18 Civ. 2820 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Miguel Angel Cortes Rubio, brings this action against Defendants, Pebo Traviata Pizza Corp. (d/b/a La Traviata Pizzeria), Virgilio Rojas Santos, Blanca E. Perez, and Jose Luis Perez, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiff alleges that he was employed by Defendants from September 2017 until February 2018. Compl. ¶ 40, ECF No. 1. During that time, he alleges, *inter alia*, that Defendants failed to pay him minimum and overtime wages in violation of the FLSA and NYLL. *Id.* ¶¶ 83–102.

      On June 1, 2018, Plaintiff notified the Court that the parties had reached a settlement agreement in principle (the "Settlement"). ECF No. 23. On June 27, 2018, the parties filed a letter motion seeking approval of the Settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Approval Mot., ECF No. 25. For the reasons stated below, the motion is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the

parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks*, 796 F.3d at 206.

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.  Analysis

The Settlement provides for Defendants to pay Plaintiff $15,000 in six installments over a period of six months. Settlement Agreement and Release ("Settlement") ¶ 1, ECF No. 25-1. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims at trial, to be $27,633.92. Approval Mot. at 2; *see also* Damages Chart, ECF No. 25-2. The parties also assert that they reached the Settlement after "weighing the risks of trial and costs of further litigation." Approval Mot. at 2. Additionally, Plaintiff's counsel, Michael Faillace & Associates, P.C., is highly experienced in litigating wage-and-hour cases, and the parties assert that their agreement was the result of arms-length bargaining. *Id.* at 2–3. Finally, there is no evidence of fraud or collusion. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it applies only to claims "relating specifically to the claims in this Litigation." Settlement ¶ 2. The Settlement also contains no confidentiality provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

2

Turning to attorney's fees, Plaintiff's counsel seeks to recover $6,000 in fees and costs, reflecting 40% of the Settlement. Approval Mot. at 3. To determine the reasonableness of attorney's fees, courts use the lodestar method as a benchmark, multiplying the reasonable hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014). Plaintiff's counsel's lodestar calculation is $5,199 in fees and costs for work done by Michael Faillace, Paul Hershan, and an unnamed paralegal. Faillace is the firm's managing member and an adjunct professor at Fordham Law School. Approval Mot. at 3. Hershan is an associate at the firm who graduated from Fordham Law School in 2012. *Id.* Faillace bills $450 per hour, Hershan bills $350 per hour, and the paralegal bills $150 per hour. Billing Records, ECF No. 25-3. Each of these rates is above what courts in this district typically approve for attorneys and paralegals in FLSA cases. The Court, therefore, reduces Faillace's hourly rate to $400 per hour, Hershan's rate to $250 per hour, and the paralegal's rate to $100 per hour. *See Rosales v. Gerasimos Enters., Inc.*, No. 16 Civ. 2278, 2018 WL 28610, at *1–2 (S.D.N.Y. Jan. 3, 2018) (awarding Faillace $400 per hour, a sixth-year associate at his firm $250 per hour, and a paralegal at his firm $100 per hour).

The Court concludes that Plaintiff's counsel's fee request of $6,000, or 40% of the Settlement, is excessive. Courts in this District typically decline to award fees representing more than one-third of the total settlement amount absent extraordinary circumstances. *See Mobley v. Five Gems Mgmt. Corp.*, No. 17 Civ. 9448, 2018 WL 1684343, at *5 (S.D.N.Y. Apr. 6, 2018) (collecting cases). This was a very straightforward case, and Plaintiff's counsel identifies no extraordinary circumstances that justify a 40% award here. Although Plaintiff's counsel asserts that this percentage is reflected in Plaintiff's retainer agreement, they do not provide any retainer agreement for the Court's review. In addition, the reduction in the timekeepers' hourly rates merits a reduction in the lodestar that brings the lodestar well below $6,000. Accordingly, the Court reduces Plaintiff's counsel's award of fees and costs to $5,000, or one-third of the Settlement.

## CONCLUSION

For the reasons stated below, the parties' motion for settlement approval is GRANTED, with a reduction of Plaintiff's counsel's fee award to $5,000. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: August 7, 2018
      New York, New York

ANALISA TORRES
United States District Judge

3